# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **AMENDED DETENTION ORDER** |
| vs. ) | |
| ) | |
| Billy Dean Sandland, a/k/a Bill Sandland, ) | Case No. 1:07-mj-067 |
| Wild Bill Sandland, Wild Bill, ) | |
| ) | |
| Defendant. ) | |

The court conducted detention hearing in the above-entitled action on December 5, 2007. Attorney Paul Emerson appeared on the Government's behalf. Attorney Michael Hoffman appeared on the defendant's behalf. FBI Special Agent Jason Deaton provided testimony.

The charges set forth in the complaint give rise to the presumptions under 18 U.S.C. § 3142(c) that no condition, or combination of conditions, will reasonably assure the appearance of the defendant as required or the safety of the community. These presumptions shift the burden of production with respect to detention, but not the burden of persuasion, which remains upon the government and which must be met by clear and convincing evidence in the case of detention for the purpose of protection of the safety of the community and by a preponderance of the evidence for the purpose of securing the defendant's appearance for future proceedings. United States v. Kisling, 334 F.3d 734 (8th Cir. 2003); United States v. Orta, 760 F.2d 887, 891 n. 17 (8th Cir. 1985) (en banc). If sufficient evidence is offered to counter the initial presumptions, the presumptions do no disappear and remain as factors the court can consider in determining whether the government has met its burden of persuasion. See e.g., United States v. Thurmond,

2005 WL 1868185 *2 (Aug. 8, 2005, N.D. Iowa) (stating a magistrate judge should still keep in mind the fact that Congress has found that certain offenders, as general rule, pose special risks of flight) (citing United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985); see also United States v. Garcia, 801 F. Supp. 258, 261-62 (S.D. Iowa).

The court finds that the defendant has not offered sufficient evidence to counter the presumption of detention. In any event, for the reasons articulated at the close of the hearing and as otherwise stated herein, the court finds that the Government has met its burden of demonstrating by clear and convincing evidence, first, that the defendant is not a candidate for release upon personal recognizance or an unsecured appearance bond and, second, that no condition or combination of conditions will reasonably assure the safety of other persons and the community. The reasons for the conclusions include the strength of the Government's case against the defendant, the defendant's history of substance abuse, the defendant's history of drug dealing, the weapons found on the defendant's premises, an informant's statement relayed through Special Agent Deaton that the defendant kept a firearm at the ready near his front door, an incident in which the defendant discharged a rifle after pointing it to the head of another person, and the presumption under § 3142(c).

Accordingly, the court **GRANTS** the government's Motion for Detention (Docket No. 4) and **FURTHER ORDERS** that the defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the

government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 5th day of December, 2007.

> */s/ Charles S. Miller, Jr.*
> Charles S. Miller, Jr., Magistrate Judge
> United States District Court